UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD A LOWERY | * | CIVIL ACTION |
| VERSUS | * | NO. 05-3967 |
| WARDEN BURL CAIN | * | SECTION "N"(6) |

**ORDER**

Before the court is petitioner, Edward A. Lowery's motion to set habeas corpus in abeyance (Rec. Doc. 5). Therein, Lowery claims that he is attempting to exhaust additional claims in the state courts by bringing post-conviction proceedings. He requests that his federal habeas corpus action be held in abeyance until such time as he is able to exhaust his additional claims.

The State filed a response arguing that the motion to set habeas corpus in abeyance should be denied. The State persuasively argues that there is no need for this court to grant petitioner's motion to hold his petition in abeyance since petitioner currently has an application for post-conviction relief pending in the state courts. The filing of a properly filed application for state post-conviction relief tolls the federal limitations period under the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. 2244 (d)(2).

Accordingly, petitioner's motion (Rec. Doc. 5) is hereby DENIED.

Petitioner has also filed a motion requesting that this court order the 22nd Judicial District Court in St. Tammany Parish to provide him with the date that his original post-conviction application with that court was denied and the ruling as to each claim.(Rec. Doc. 8) Petitioner also seeks information therein relative to the district attorney's response to his state application.

Petitioner's motion is in the nature of a motion for writ of mandamus. However, petitioner is not entitled to the relief which he seeks. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Paige v. Bacarisse*, 80 Fed. App'x. 299, 300 (5th Cir. 2003). See also, *Smith v. Phillips*, 455 U.S. 209, 221 (1982)("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.")

Petitioner's request should be made with the 22nd Judicial District Court. If that court fails to provide the requested information, petitioner's remedy would be to file a mandamus request with the higher appellate court.

Accordingly, petitioner's motion, construed as a motion for writ of mandamus (Rec. Doc. 8) is hereby DENIED.

New Orleans, Louisiana, this 6th day of September, 2006.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE