# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**EDWARD AARON LOWERY, JR.**          **CIVIL ACTION**

**VERSUS**          **NO: 05-3967**

**BURL CAIN, WARDEN**          **SECTION: "N"(6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

## I.  PROCEDURAL HISTORY

Petitioner, Edward Aaron Lowery, Jr., is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Lowery was convicted on January 5, 2004 of two counts of simple burglary, was found to be a fourth felony offender on January 5, 2004[1] and was sentenced as a multiple offender to a life sentence on one of the simple burglary convictions and to twelve years at hard labor on the other, sentences to run concurrent.  These convictions were obtained in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, Case No. 354193, Section "E".

Petitioner filed a direct appeal of his convictions and his convictions were affirmed by the Louisiana Court of Appeal, First Circuit on December 17, 2004, No.

---

[1]See Copy of the January 5, 2004 minute entry in State Rec. vol. 1 of 3.

2004-KA-0802.[2]  The Louisiana Supreme Court denied petitioner's request for a writ of certiorari/review on May 13, 2005, No. 2005-K-0447.[3]

On June 11, 2005, petitioner filed a Motion to Vacate an Illegal Sentence (on Multiple Bill), which was denied by the trial court on June 16, 2005.[4]  He subsequently filed a  Motion to Reconsider and Vacate Illegal Sentence on or about July 15, 2005, which was denied by the trial court on July 27, 2005.[5]  On or about July 21, 2005, petitioner tendered an application for post-conviction relief to his prison custodian for filing in the trial court.[6]  Without waiting for the state court to rule,

---

[2]See State Rec. vol. 1 of 3 for a copy of the appellate brief filed on May 25, 2004, on petitioner's behalf as well as a copy of the appellate court decision dated December 17, 2004, affirming Lowery's convictions.  The issues raised were: 1) Trial court erred in denying the defense motion to suppress; 2) trial court erred in finding defendant to be a fourth felony offender; 3) excessive sentence; 4) trial court failed to advise the defendant of the delays for filing post-conviction relief. Lowery also raised the following *pro se* assignments of error: 1) Trial court erred in imposing a life sentence; 2) trial court erred in using an uncertified copy of fingerprints to prove a prior conviction used in the multiple bill hearing; and, 3) trial court erred in imposing  multiple offender sentences as to both counts for which defendant was convicted.  A motion for rehearing, filed with the Louisiana Court of Appeals, First Circuit on January 5, 2005, was denied on January 19, 2005.

[3]See State Rec. vol. 1 of 3 for a copy of the Louisiana Supreme Court decision.

[4]See State Rec. vol. 1 of 3 for a copy of this motion and denial.

[5]See State Rec. vol. 1 of 3 for a copy of this motion and denial.

[6]See State Rec. vol. 1 of 3 for a copy of petitioner's post-conviction application. According to the State's response, petitioner also filed a supplemental application for post-conviction relief in the state district court on September 14, 2005 that was denied pursuant to La. C.Cr. P. art. 930.3 on September 27, 2005 (Rec. Doc. 11).

petitioner then filed the instant federal habeas application in this court on or about August 1, 2005, urging the following three claims for relief:  1) he was subjected to an illegal search and seizure in violation of the Fourth Amendment; 2) the district attorney withheld exculpatory evidence (videotapes); and, 3)  counsel was ineffective in failing to perform a thorough investigation prior to trial.   Along with his federal habeas petition, Lowery filed a "Motion to Set Habeas Corpus in Abeyance" (Rec. Doc. 5), which has subsequently been denied by this court (Rec. Doc. 15). Therein, Lowery asserts that, besides his exhausted claims, he desires to bring thirteen (13) additional claims to this court for federal habeas review.[7] Lowery concedes that all 13 additional claims remain unexhausted in the state courts at this time.[8]

## II. EXHAUSTION

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief.

---

[7]Contrary to Lowery's position that his three original claims, i.e., that he was subjected to an illegal search and seizure; that the district attorney withheld exculpatory evidence; and, that counsel was ineffective in failing to perform a thorough investigation,  have been exhausted, the State claims that only Lowery's first claim, illegal search and seizure of evidence, has been exhausted.  See State's Response at p. 7. Thus, Lowery is strongly cautioned that for every issue which he seeks to litigate upon his return to federal court, he will be required to establish that each claim has been properly exhausted by raising the same claim to the highest state court in a procedurally proper manner.

[8]The additional thirteen claims are itemized in Lowery's motion to set habeas corpus in abeyance, (Rec. Doc. 5 at p. 2).

28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997),  *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

In the instant action, petitioner raises both exhausted and unexhausted claims.  In a situation where a petitioner presents such a "mixed" habeas corpus petition, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the AEDPA, can cause prescription problems.  Such a problem arose in *Rhines v.*

*Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the

Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.  If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay

a petitioner's habeas action until he exhausts his state court remedies, the *Rhines* Court

warned against the wholesale embrace of such an approach, noting that the dual

purpose of the AEDPA, enacted "against a backdrop of *Lundy's* total exhaustion

requirement", is reducing the potential for delay in finalizing state court judgments and

encouraging litigants to bring all their claims to state court before bringing them to

federal court.  *Rhines*, 544 U.S. at 276-77, 125 S.Ct. at 1534.  The Court warned that

staying federal habeas corpus petitions and holding them in abeyance, "if employed too

frequently, has the potential to undermine [the above-described] twin purposes",

explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining

> federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534.  With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.*

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535 (emphasis added).

Having reviewed the pertinent pleadings and state court record, the court finds that petitioner fails to establish good cause to excuse his failure to exhaust his state court remedies prior to coming to federal court.  The court therefore denied petitioner's request for a stay. However, the court also takes note of the fact that the State concedes in its response that Lowery is not time-barred in seeking federal review. As long as Lowery is properly pursuing his state claims through the filing of post-conviction proceedings and therefore has a "properly filed application for State post-conviction or other collateral review" pending in the state courts "with respect to the pertinent judgment or claim", the federal one year limitations period will be tolled. Thus the concern of the *Rhines* court regarding federal limitations periods expiring when a petition is dismissed for failure to exhaust state remedies is not of concern in this case.  See 28 U.S.C. §2244(d)(1) and (2).  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Edward A. Lowery for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** without prejudice for failure to exhaust state remedies.[9]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  13th  day of   September  , 2006.

_____

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[9]Petitioner is, of course, always free to abandon his unexhausted claims and proceed only on the exhausted claim/s. *See, Rose v. Lundy*, 455 U.S. 509, 510 (1982).